Rescripts.

WILLIAM G. BRODEUR & another *vs.* CHARLES PALM & another.  June 1, 1962.  Decree affirmed.  This is an appeal from a final decree dismissing the plaintiffs' bill for injunctive relief and for the assessment of damages for injury allegedly caused to their property by surface water originating from largely vacant land known as "Crow Hill."  The judge took a view and made findings of fact.  He found that "[u]pon all the evidence it cannot be determined that there was any damage caused either by the action or non-action" of the defendants or "that there was any diversion or collection of water in any manner" by the defendants "causing water to be deposited upon the land" of the plaintiffs.  The judge also found that the defendants "have not changed the course of the water either by direct action or non-action."  We have examined the record and conclude that the judge was justified in making these findings.  *Murach* v. *Massachusetts Bonding & Ins. Co.* 339 Mass. 184, 188.

*Edward A. Brodeur* for the plaintiffs.

No argument nor brief for the defendants.

ASSESSORS OF QUINCY *vs.* BOSTON SAND & GRAVEL CO. (and two companion cases of the same name).  June 1, 1962.  The abatements ordered by the board are to stand.  The taxpayer is to have costs of these appeals.  Boston Sand & Gravel Co. (taxpayer), contending that the taxes assessed on its real estate were excessive for the years 1958, 1959, and 1960, sought abatements.  The taxpayer asserted that a large portion of its property is machinery which is exempted by G. L. c. 59, § 5, Sixteenth.  Abatements were granted by the Appellate Tax Board for all three years.  The board of assessors appealed.  From certain rulings of the tax board, the taxpayer also appealed.  The sole issue raised by the assessors is whether the tax board erred in receiving testimony by the taxpayer's expert witness on the value of the property, in view of the fact that the expert admitted that he had given his opinion without including in his valuation certain structures on the land.  No requests for rulings were made by the assessors on this point, and there is nothing in the record which indicates that the tax board adopted the view of the expert that certain buildings erected to house machinery are not to be included in the valuation of the real estate.  Indeed, it would appear that the tax board rejected that view, for its valuation was substantially higher than that given by the taxpayer's expert.  At all events, the assessors have failed to show that the tax board's decision was tainted by error of law.  That evidence was received as to the value of a portion of the property was not such error.  In view of this conclusion it is not necessary to consider the taxpayer's appeals.

*Douglas A. Randall,* City Solicitor, for the assessors of Quincy.

*Gregory Sullivan (Edward R. Thomas* with him) for the taxpayer.

BOSTON SAND & GRAVEL CO. *vs.* ASSESSORS OF QUINCY (and two companion cases of the same name).  June 1, 1962.  The taxpayer's appeals are dismissed.  See "brief statement of the grounds and reasons of the decision" in *Assessors of Quincy* v. *Boston Sand & Gravel Co.* decided herewith.

*Douglas A. Randall,* City Solicitor, for the assessors of Quincy.

*Gregory Sullivan (Edward R. Thomas* with him) for the taxpayer.